UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

HAROLD GRAVES

      Plaintiff,

V.                                      CIVIL ACTION NO.

AFNI, INC.
.
      Defendant.                        SEPTEMBER 19, 2008

## **COMPLAINT**

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff  Harold Graves, as an individual consumer, against  Defendant Afni, Inc. hereinafter (AI") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in

1

this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Harold Graves is a natural person residing in the Accokeek, County of Prince George and the State of Maryland.

4. Defendant, AI, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 404 Brock Drive, P.O. Box 3427 Bloomington, IL 61702 and is authorized to do business in Maryland.  The principal purpose of Defendant business is the collection of debts in this State and defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff was sent a letter by AI letter approximately October 1, 2007 in an attempt to collect a debt.

7. On or about October 22, 2007 Plaintiff telephoned defendant AI and informed them that he wished to dispute the debt. AI informed plaintiff that he could not dispute a debt orally.

8. AI informed plaintiff that the alleged debt was over twenty years of age. Plaintiff informed AI that he had not lived in Virginia at the time the alleged debt was incurred.

9. AI continued to report the debt without advised the credit reporting companies that the debt was disputed.

10. As a result of the acts alleged above, Plaintiff has been damaged.

## V.  CLAIM FOR RELIEF

11. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

12. AI violated the FDCPA.  Defendant AI's violations include, but are not limited to, the following:

(a) Violation of §1692e (2)(A) the false representation of the character, amount, or legal status of any debt.

(b) Violation of  1692e (8) Communicating or threatening to communicated to any person credit information which is know or which should be know to be false, including the failure to communicate that the debt is disputed.

13. As a result of the foregoing violations of the FDCPA, AI is liable to the plaintiff Harold Graves for declaratory judgment that ACSI's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against defendant AI for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E.  For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

 BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
Bernard T. Kennedy & Associates
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com